United States District Court
District of Massachusetts

```
_____
                                   )
Larry Bowens                       )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    Civil Action No.
                                   )    24-10895-NMG
Commissioner of Social Security,   )
                                   )
        Defendant.                 )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Pro se plaintiff Larry Bowens ("plaintiff" or "Bowens") appeals a decision affirming the denial of his application for supplemental security income and disability insurance benefits. Now pending before the Court is the motion of defendant, Leland Dudek ("defendant" or "the Commissioner"), the Acting Commissioner of the Social Security Administration ("SSA"), for an order affirming the decision on appeal. For the reasons set forth herein, defendant's motion will be allowed.

I. **Background**

In January, 2020, Bowens, a former construction worker and personal trainer, experienced several days of abdominal pain, nausea and vomiting and subsequently underwent gastric surgery. Bowens contends that complications from his gastric surgery have caused him to suffer from severe and ongoing gastrointestinal

- 1 -

pain and nausea. Alleging that he was rendered disabled by those symptoms, Bowens applied for supplemental security income and disability insurance benefits in November, 2021.

The SSA initially denied Bowens's application for disability benefits. He then petitioned for a hearing and review of that decision which was convened in April, 2023, before Administrative Law Judge Henry Hogan ("the ALJ"). The ALJ issued his final decision in June, 2023, finding that, based upon the relevant standard promulgated under 20 C.F.R. §404.1520(a), Bowens was not entitled to additional benefits.

After considering testimony from Bowens, extensive medical records and reports from medical professionals, the ALJ determined that, although Bowens's abdominal pain and nausea prohibited him from performing certain work, his claims as to the severity and persistence of those symptoms conflicted with the record. The ALJ found that, despite Bowens experiencing ongoing symptoms and requiring another procedure, the objective evidence of his symptoms did not entitle him to benefits. The ALJ concluded that Bowens retained a "residual functional capacity" ("RFC") for "light work" with further limitations that he not lift more than 20 pounds, stand for more than 6 hours during the workday or be exposed to poor ventilation. Relying on testimony from a vocational expert, the ALJ identified three occupations suitable for Bowens.

Plaintiff timely appealed the ALJ's decision but the Appeals Council upheld it in January, 2024. Bowens then filed an appeal in this Court in April, 2024. According to him, the decision of the ALJ should be reversed because it incorrectly assumed he has a continued capacity to work. The Commissioner now moves for an order affirming the decision on appeal.

## II. **Standard of Review**

The Social Security Act authorizes federal district courts to affirm, modify or reverse the "final decision of the Commissioner of Social Security." 42 U.S.C. §405(g). A final decision must be affirmed so long as 1) it applies the correct legal standard and 2) the findings proffered therein are "supported by substantial evidence" that is "reasonably sufficient" to support its conclusion. See 42 U.S.C. §405(g); Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 184 (1st Cir. 1998); Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001).

The presence of substantial evidence is not a high burden and requires only such evidence that a "reasonable mind might accept as adequate." Biestek v. Berryhill, 587 U.S. 97, 103 (2019). Because the standard of review is not de novo, see Lizotte v. Sec'y of Health & Hum. Servs., 654 F.2d 127, 128 (1st Cir. 1981), this Court cannot substitute its judgment for that of the Commissioner and must uphold such a decision even if the

record could justify a different outcome, Evangelista v. Sec'y of Health & Hum. Servs., 826 F.2d 136, 144 (1st Cir. 1987).

## III. Analysis

To determine whether an applicant is disabled, the ALJ must apply a five-step standard to determine, among other things, whether an applicant has an impairment that 1) significantly limits his ability to work and 2) prevents him from engaging in his previous mode of employment. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.1520, 416.920. The applicant bears the burden at each step to demonstrate that he has a severe impairment and, therefore, cannot perform past relevant work. See Goodermote v. Sec'y of Health & Hum. Servs., 690 F.2d 5, 6-7 (1st Cir. 1982). If an applicant meets that burden, he is presumptively disabled and the burden shifts to the Commissioner to determine whether the applicant's impairment, in light of his RFC prevents him from continuing to work.

Plaintiff here challenges only the final step. He contends that the ALJ's decision should be reversed because its RFC determination incorrectly assumed plaintiff's capacity to work by failing to assess properly his age and medical history.

To determine an applicant's RFC, the ALJ must assess all relevant medical evidence and medical history which an applicant bears the burden of providing. 20 C.F.R. §§404.1520(e), 404.1545(a)(1)-(3). Using that evidence, the ALJ must then

consider whether an applicant, based upon his age, education and prior experience, is capable of performing other kinds of work. 20 C.F.R. §404.1520(g). At this stage, the ALJ's decision is guided by the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2, which contains the criteria necessary to determine whether an applicant's medical history and other characteristics enable him to work in jobs that exist in the national economy.

The ALJ, as a layperson, may not interpret medical evidence "without a physician's involvement," unless the claimant's impairments would be obvious to a layperson as a matter of common sense. Manso-Pizarro v. Sec'y of Health & Hum. Servs., 76 F.3d 15, 17 (1st Cir. 1996); see 20 C.F.R. §404.1513(a)(1)-(2) (defining types of medical evidence). Accordingly, an ALJ's decision is generally unsupported by substantial evidence if the ALJ reaches his conclusion "without an assessment of [RFC] by a physician." Perez v. Sec'y of Health & Hum. Servs., 958 F.2d 445, 446 (1st Cir. 1991). An overall RFC assessment and an accompanying finding that an individual is not disabled are, however, ultimately administrative decisions left to the Commissioner. 21 C.F.R. §416.946(d); 20 C.F.R. §404.1520b(c); Purdy v. Berryhill, 887 F.3d 7, 14 (1st Cir. 2018).

Defendant contends, and this Court agrees, that the ALJ's decision here properly applied the above standard to conclude

that Bowens, based on his age and medical history, retains some capacity to work. After reviewing nearly one thousand pages of medical documentation and considering records of Bowens's surgeries and the resulting complications, the ALJ first found that plaintiff's pain was well controlled following his discharge from the hospital and that a subsequent x-ray presented no abnormalities. Later examinations, an endoscopic procedure and a CT scan also showed no evidence of any severe gastrointestinal problems and plaintiff described his symptoms as improving.

The ALJ further concluded that, despite plaintiff's having to undergo an additional surgery and experiencing ongoing pain and nausea, his symptoms did not pose an insurmountable limitation on his ability to work. The ALJ, in so doing, discredited plaintiff's statements about the intensity and persistence of his symptoms as unsupported by objective medical evidence. In making the RFC determination, the ALJ therefore properly discharged his responsibility to draw inferences from the record, decide issues of credibility and resolve conflicts in the evidence. See Ortiz v. Sec'y of Health & Hum. Servs., 955 F.2d 765, 769 (1st Cir. 1991). This Court will not overrule it.

Nevertheless, plaintiff responds that the ALJ erred by incorrectly assessing a November, 2022, opinion letter of Dr. Venkata Satyam stating that Bowens is "permanently disabled."

That claim is unavailing. The opinion of a medical professional as to whether an individual is disabled is "not given special significance," White v. Astrue, No. 10-10021, 2011 WL 736805 at *16 (D. Mass. Feb. 23, 2011), because such a finding is reserved for the Commissioner, "not for the doctors or for the courts," Monroe v. Barnhart, 471 F. Supp. 2d 203, 211 (D. Mass. 2007).

Plaintiff further submits an extensive description of his symptoms to support his claim that the ALJ's decision should be reversed. In reviewing the ALJ's decision, however, this Court cannot re-evaluate the evidence and is limited to a determination of whether 1) the correct standard was applied and 2) substantial evidence supported the conclusion reached. Doyle, 144 F.3d at 184; Seavey, 276 F.3d at 9. Because the Court finds that the ALJ satisfied both elements, the motion to affirm his decision will be allowed.

### ORDER

For the foregoing reasons, the motion for an order affirming the decision on appeal (Docket No. 17) is **ALLOWED**. **So ordered.**

                                                    _____
                                                    Nathaniel M. Gorton
                                                    United States District Judge

Dated: May 23, 2025